■ In the Matter of ROSLYN ASSOCIATES, Respondent, v INCORPORATED VILLAGE OF MINEOLA, Appellant. — In a proceeding pursuant to CPLR article 78, *inter alia,* to compel the Incorporated Village of Mineola to provide municipal sanitation services to petitioner's apartment complex, the village appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Di Paola, J.), entered March 10, 1980, as upon renewal, adhered to the court's prior determination which denied the village's motion for summary judgment, granted the petition insofar as it sought a direction to the village to provide such services, and set down for trial the issue of damages sustained in the form of private carting expenses. (We deem the motion for summary judgment to have been one pursuant to CPLR 7804 [subd (f)] to dismiss the petition.) Leave to appeal is granted by Mr. Justice Thompson. Order modified, on the law, by adding thereto a provision that, upon renewal, the village's motion to dismiss is granted to the extent of dismissing so much of the petition as seeks damages for petitioner as assignee of a predecessor in title, known as the Carter Group, Inc. As so modified, order affirmed insofar as appealed from, without costs or disbursements. Petitioner and its immediate predecessor, Barclay Realty Associates, were bona fide purchasers for value, without notice of the alleged agreement relieving the village of certain sanitation obligations. Petitioner's claim to damages incurred in hiring private carters arises not only out of its own present interest in the subject real property, but also out of the assignment of all of the immediate predecessor's right, title and interest in the property, presumably including similar claims for damages incurred during *its* ownership of the subject real property *as well as* that of Barclay's predecessor, the Carter Group, Inc. As assignee of such nonnegotiable choses in action, petitioner's claim for damages is subject to all defenses that could have been interposed at the time of the assignment of such claims upon purchase of the property in 1977 (see General Obligations Law, § 13-105; see, also, 6 NY Jur 2d, Assignments, §§ 49, 56). Since the Carter Group's claim was time barred under CPLR 217 four months after the November, 1973 notice of rejection of its demand for sanitation services, and more than four months elapsed by the time petitioner took the assignment through Barclay Realty Associates, the village is entitled to dismissal of the petition to the extent that petitioner's cause is premised on such assignment. Mollen, P.J., Damiani, Gibbons and Thompson, JJ., concur.